IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DEBORAH MORRIS,** *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **BALTIMORE MUNICIPAL,** *et al.*, <br><br> **Defendants.** | **Civil No. 1:24-cv-01713-JRR** |

**MEMORANDUM OPINION AND ORDER**

On June 13, 2024, pro se Plaintiffs Deborah Morris and Arnell Mason initiated this action with a document titled "Civil Rights Complaint." ("Complaint;" ECF No. 1.) The Complaint caption lists as Defendants: "Baltimore Municipal," "Baltimore Department of Housing & Community Development," "Baltimore Housing Authority," "Memorial Development Partners, LP," "Somerset Development Co., LLC," and "Habitat America, LP." (ECF No. 1). The Complaint spans 55 pages and seeks to state various claims including "Denied Equals and Protected Rights by Baltimore Municipality Fault of Not Remedying Segregation in Housing as Obligation to Do Sp" (Count I); "Conspiracy Against Rights" (Count II); "Deprivation of Plaintiffs Rights Under Color of Laws (Methods of Administrative Violation)" (Count III); "Discriminatory Refusals to Transact, Differential Terms, and False Representations in Violation of the the Class Action Agreement per Required Under {case of HUD <Thompson, et al., v. HUD, et al., - CV - 95-309 Action MJG}for housing of individuals that had been denied housing in the Bolton Hill area Of Baltimore- Bias – Treated Differently (Ongoing Practices, Activities and Behaviorals) (Methods of Administrative Violation)" (Count IV); "Disparity and Bias in Environmental Safe and Accessible Housing (Methods of Administrative Violation)" (Count V); "Defamation of

Character, Bad Faith, Theft by Deception, Exploitation of Elderly and Disabled (Methods of Administrative Violation)" (Count VI); "False Claims (Methods of Administrative Violation)" (Count VII); and "Denied Civil Rights Act 1866 and Civil Rights Act 1871 By Abuse of Powers By Those in Authorities (Methods of Administrative Violation)" (Count VIII).

In their prayer for relief, Plaintiffs appear to demand declaratory judgment that Defendants have violated the Civil Rights Act of 1866, the Civil Rights Act of 1871, Title II of the Americans With Disabilities Act, Section 504 of the Rehabilitation Act, and the Fair Housing Act. Plaintiffs further ask the court to "[a]ppoint receivership over Baltimore Municipal Housing" to address issues pertaining to desegregation; an order requiring "Completely Renovated and/or Newly Built Homes" for families of color; an order that certain city housing be rendered ADA and Rehabilitation Act compliant; an order that Baltimore Municipal shall act "in good faith and protect all the elderly and disabled people at 301 McMechen Street" and put in place certain other protections that relate to emergency response plans; [a]ppoint receivership over Land Plat and Building subdivisions at 301 McMechen Street in Baltimore; an order to cap rents and utilities on these homes "for the next 30 years" and to require that "units are to be for 80 % of elderly persons of color . . . ."; an order requiring engineers to inspect homes for hazardous substances; an order that Defendants install "Brand New Elevators" and complete various bathroom remodeling and technology infrastructure upgrades; an award of "$500,000" and an order awarding Plaintiffs the deeds to the units in which they reside; and additional unnamed "civil penalties," as well as any other relief the court may determine is appropriate.

Before the court are the following motions: Motion to Dismiss by Defendants Habitat America, LLC, Somerset Development Company, and Memorial Development Partners, LP (ECF No. 11; the "Habitat Motion"); Defendant Mayor and City Council of Baltimore's Motion to

2

Dismiss or in the Alternative Motion for More Definite Statement (ECF No. 13; the "Baltimore Motion" – which Baltimore Department of Housing and Community Development has effectively joined to the extent necessary; *see* ECF No. 39);  Plaintiffs' opposition to the Habitat Motion and the Baltimore Motion at ECF No. 26; and Plaintiffs' Motion for Leave to File Sur-reply (ECF No. 31).[1]

The pending Motions seek dismissal based on Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and the Baltimore Motion also seeks alternative relief under Rule 12(e).

As an initial matter, the court is ever mindful that *pro se* filings "must be construed liberally, . . . so as to do substantial justice," and are held to less stringent standards that filings drafted by lawyers.  *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (quoting *Erickson v. Paradus*, 551 U.S. 89, 94 (2007); Fed. R. Civ. P. 8(f); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  "In practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority."  *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022).  Such liberal construction, however, does not absolve Plaintiffs from pleading a plausible claim, and this court "may not act as an advocate for a self-represented litigant" by "conjur[ing] up" issues not presented.  *Desgraviers v. PF-Frederick, LLC*, 501 F. Supp. 3d 348, 351 (D. Md. 2020) (quoting *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

The court generally understands that Plaintiffs' Complaint asserts that the housing conditions at 301 McMechen Street have in various ways violated their rights under several federal

---

[1] Sur-replies are generally disfavored; however, here it poses no prejudice to Defendants.  Therefore the court will allow it.  The sur-reply, having been considered, contains nothing to address the deficiencies noted below.

laws, including civil rights laws, the Americans With Disabilities Act, and the Rehabilitation Act, that Defendants are responsible for, and caused, the conditions of which Plaintiffs complain, and that these injuries are redressable by the court through the various forms of relief demanded and recited above. The court therefore does not, at this time, dismiss this action for reasons grounded in subject matter jurisdiction or standing; however, for the reasons addressed below, the Complaint shall be dismissed for failure to state a claim under Rule 12(b)(6) and for failure to comply with Rule 8 of the Federal Rules of Civil Procedure, and Local Rule 103.1.d. (D. Md. 2023).

**Federal Rule of Civil Procedure 12(b)(6)**

A motion asserted under Federal Rule of Civil Procedure 12(b)(6) "test[s] the sufficiency of a complaint;" it does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Therefore, a "Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244.

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at

4

570). "[A] complaint that provides no more than 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action,' is insufficient." *Bourgeois v. Live Nation Ent., Inc.*, 3 F. Supp. 3d 423, 434 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "The [c]ourt must be able to deduce 'more than the mere possibility of misconduct'; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief." *Evans v. 7520 Surratts Rd. Operations, LLC*, No. 8:21-CV-01637-PX, 2021 WL 5326463, at *2 (D. Md. Nov. 16, 2021) (quoting *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015)).

Here, the Complaint rests entirely on conclusory assertions that Defendants have acted in ways that violate a multitude of statutes and laws – as delineated above. Plaintiffs also appear to allege that the conditions of housing at 301 McMechen Street amount to violations of their civil rights and related entitlements. The Complaint, however, sets forth no plausible factual allegations, even take as true, on which a reasonable factfinder could conclude that Defendants (individually or together) are liable as asserted. Plaintiffs rest on generalized assertions of wrongdoing and that is insufficient to state a claim.

**Federal Rule of Civil Procedure 8 and Local Rule 103.1.d**

Federal Rules 8 requires that a complaint contain a short and plain statement of the asserted grounds for relief; allegations shall be concise and direct. Local Rule 103.1.d requires that pleadings be "no longer than necessary" and "shall not exceed forty (4) pages in length" absent leave of court. The Complaint, at 55 pages, grossly fails to abide these simple requirements.

For the reasons set forth herein, it is this 14th day of March 2025:

**ORDERED** that the Habitat Motion (ECF No. 11) shall be, and is hereby, **GRANTED IN PART AND DENIED IN PART** as follows: the Complaint is **DISMISSED** without prejudice

for failure to state a claim, and for failure to comply with Rule 8 and Local Rule 103; and otherwise **DENIED**; and further it is

**ORDERED** that the Baltimore Motion (ECF No. 13) shall be, and is hereby, **GRANTED IN PART AND DENIED IN PART** as follows: the Complaint is **DISMISSED** without prejudice for failure to state a claim, and for failure to comply with Rule 8 and Local Rule 103; and otherwise **DENIED**; and further it is

**ORDERED** that the Motion for Leave to File Sur-reply (ECF No. 31) shall be, and is hereby, **GRANTED**; and further it is

**ORDERED** that the Motion to Compel at ECF No.38 shall be, and is hereby, **DENIED AS MOOT;** and further it is

**ORDERED** that the Motion to Dismiss filed by Baltimore Department of Housing and Community Development at ECF No. 39 shall be, and is hereby, **DENIED AS MOOT.**

In summary: the Complaint is **DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE.** Madam Clerk shall transmit a copy of this Memorandum Opinion and Order to Plaintiffs; and **CLOSE THIS CASE.**

/S/
_____
Julie R. Rubin
United States District Judge